# IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Norfolk Division)

| | |
|---|---|
| **PLANET HOME LENDING, LLC** | * |
| | * |
|   and | * |
| **TRUSTEE SERVICES OF VIRGINIA, LLC** | * |
|      *Plaintiffs,* | * |
| v. | *   **Civil Action No:** |
| | * |
| **SECRETARY OF DEPARTMENT OF** | * |
|   **HOUSING AND URBAN DEVELOPMENT** | * |
| *Serve:* The Honorable Jessica D. Aber, | * |
|      U.S. Attorney for the Eastern District of Virginia | * |
| *at:*   2100 Jamieson Avenue | * |
|      Alexandria, Virginia 22314 | * |
| | * |
| *And serve via Certified Mail:* | * |
|     The Honorable Merrick B. Garland, | * |
|     Attorney General of the United States | * |
|     950 Pennsylvania Avenue | * |
|     Washington, D.C. 20530-0001 | * |
| | * |
| *And serve via Certified Mail:* | * |
|     The Honorable Marcia L. Fudge, | * |
|     Secretary of Housing and Urban Development | * |
|     451 7th Street, S.W. | * |
|     Washington, D.C. 20410-0001 | * |
| | * |
| **JAY STEVEN GARDIER** | * |
| *Serve at:*   3328 Justis Street | * |
|           Virginia Beach, Virginia 23464 | * |
| | * |
|   and | * |
| **TERRI D. SWANNEE-GARDIER** | * |
| *Serve at:*   3328 Justis Street | * |
|           Virginia Beach, Virginia 23464 | * |
|            *Defendants.* | * |

## **COMPLAINT FOR A JUDICIAL SALE**

COME NOW the Plaintiffs by counsel, hereby respectfully requesting that this Honorable Court enter an order authorizing a judicial sale of the real property commonly known as 23464 Justis Street, Virginia Beach, Virginia and more fully described in paragraph 13 of this Complaint

(hereinafter "Property"), pursuant to the authority granted by 28 U.S. Code § 2201, and in support thereof, state as follows:

1. This Complaint is a request for a judicial sale that is necessitated by there being a Partial Claims Mortgage recorded in the chain of title for the Property.

2. The Partial Claims Mortgage is a junior lien and provides a security interest to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of a promissory note to the Secretary.

3. The Plaintiffs, respectively, are the current beneficiary and the substitute trustee of a first Deed of Trust recorded in the chain of title for the Property.

4. The Plaintiffs respectfully request that the Property be sold via a judicial sale in order to satisfy the balance of the first mortgage loan on the Property, which is in default for nonpayment.

## PARTIES

5. Planet Home Lending, LLC (hereinafter "Planet") is a Delaware limited liability company that is a residential mortgage-loan lender and servicer. Planet has its principal place of business in Meriden, Connecticut.

6. Planet is the current holder of the primary mortgage loan and beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the subject Property.

7. Trustee Services of Virginia, LLC is a limited liability company registered with the Virginia State Corporation Commission and the named Substitute Trustee of the first Deed of Trust securing Planet.

8. The U.S. Department of Housing and Urban Development (HUD) is an agency of the United States Government.

9. The Secretary of HUD is the obligee of a Note secured by a Partial Claims Mortgage recorded in the chain of title for the Property.

10.     Jay Steven Gardier and Terri D. Swannee Gardier (hereinafter "Gardiers"), as husband and wife and as tenants by the entirety, are the current owners of record of the subject Property. Upon information and belief, the Gardiers are residents of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 2410, and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party. That is, the Plaintiffs are requesting a judicial sale for a real property in which an agency of the United States has a security interest via its Partial Claims Mortgage.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because the Property at issue is situate within the boundaries of the Norfolk Division of the United States District Court for the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

13.     Via a Deed dated July 24, 2020, the Gardiers became the current owners of record of the real property legally described as

> ALL THAT certain lot, piece or parcel of land, with the buildings and improvements thereon, situate, lying and being in the City of Virginia Beach, Virginia, and being known, numbered and designated as Lot 2, as shown on that certain plat entitled "ELIZABETH RIVER TERRACE", Princess Anne County, VA., Norfolk County, VA., which plat is duly recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, in Map Book 40, at Page 39,

and commonly known as 3328 Justis Street, Virginia Beach, Virginia (hereinafter "Property").

14.     Said Deed is recorded among the land records of the Virginia Beach Circuit Court as Instrument 20200729000663790, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

15.     On July 24, 2020, the Gardiers entered into a purchase-money mortgage loan with Planet for $258,137.00.

16.     As part of said July 24, 2020 mortgage loan, the Gardiers executed a Note and a Deed

of Trust.

17. Said Deed of Trust granted a security interest in the Property to ensure repayment of the mortgage loan, and provided for acceleration of the mortgage loan and foreclosure in the event of a default.

18. Said Deed of Trust is recorded among the land records of the Virginia Beach Circuit Court Instrument 20200729000663800, and a true and accurate copy thereof is attached hereto as **Exhibit B**.

19. On October 6, 2021, the Gardiers were offered, and did enter into a loan modification whereby the balance of their July 24, 2020 mortgage loan was reduced by $12,017.61 by transferring that amount to a second mortgage loan with HUD.

20. As part of their mortgage loan with HUD, the Gardiers executed a promissory note to HUD for $12,017.61 and a Partial Claims Mortgage in favor of HUD.

21. Said Partial Claims Mortgage granted a security interest in the Property to HUD to ensure repayment of the promissory note.

22. The Partial Claims Mortgage is recorded among the land records of the Virginia Beach Circuit Court as Instrument 202203011528, and a true and accurate copy thereof is attached hereto as **Exhibit C**.

23. The July 24, 2020 Deed of Trust (Exhibit B) initially named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

24. Via a "Notice of Corporate Assignment of Deed of Trust" dated August 10, 2022, MERS assigned its interest in the July 24, 2020 (first) Deed of Trust to Planet.

25. Said assignment is recorded among the land records of the Virginia Beach Circuit Court as Instrument 202203043758, and a true and accurate copy thereof are attached hereto as **Exhibit D**.

26. Via an Appointment of Substitute Trustee dated November 20, 2023, Planet removed the Trustee of the Gardiers' July 24, 2020 Deed of Trust (Exhibit B) and named Trustee Services of Virginia, LLC as the Substitute Trustee.

27. Said Appointment of Substitute Trustee is recorded among the land records of the Virginia Beach Circuit Court as Instrument 202303044711, and a true and accurate copy thereof is attached hereto as **Exhibit E**.

28. Upon information and belief, there are no other persons or entities with a lien against, or an interest in, the Property.

## CAUSE OF ACTION

29. The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 28 above.

30. The Gardiers' July 24, 2020 mortgage loan with Planet has fallen into default for nonpayment.

31. A notice of default/breach letter was sent to the Gardiers in September of 2023, the default was not cured, and the balance of the July 24, 2020 mortgage loan has been accelerated.

32. In order to collect the accelerated balance of the July 24, 2020 mortgage loan, Planet wishes to exercise its rights in the Property by having the Substitute Trustee of the July 24, 2020 Deed of Trust execute the power of sale provision found in Deed of Trust.  See Exhibit B § 22.

33. An exercise of the power of sale provision contained in the July 24, 2020 Deed of Trust would typically require a nonjudicial foreclosure sale for the Property held by the trustee or substitute trustee of the Deed of Trust.

34. However, because the Secretary of HUD also has a security interest in the Property via its October 6, 2021 Partial Claims Mortgage (Exhibit C), a judicial sale is required.

35. Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against

which liens are held by the United States.  See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

36.        In *Show Me*, the Court of Appeals held that a state tax sale for real property did not clear title to that property, in which the United States' Department of Housing and Urban Development held a security interest via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

37.        In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id*. at 913.

38.        Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, the liens of the United States remain undisturbed against the real property that is sold.

39.        The Plaintiffs now respectfully ask this Honorable Court, pursuant to 28 U.S. Code § 2201, to authorize a judicial sale of the Property so that the Secretary of HUD (i) is given and receives sufficient due process with respect to her security interest in the Property, (ii) can protect her security interest in the Property, and (iii) that the Property can be sold free and clear of all liens and claims.

        WHEREFORE, for the reasons so stated above, the Plaintiffs by counsel respectfully request that (i) the Court find that the Secretary of HUD has an interest in the Property, (ii)  the Court find that a judicial sale of the Property is necessary in order to clear the lien against the Property held by the Secretary of HUD; (iii) the Court enter an Order that appoints a Special Commissioner and charges that Special Commissioner with selling the Property free and clear of all liens for fair market value after having the Property listed with a Virginia-licensed real estate agent or broker; (iv) the Court approve a Contract of Sale for the Property after the Court is

satisfied that the price offered is fair and reasonable; (v) the Court then authorize the Special Commissioner to convey the Property to the buyer(s) on behalf of the Gardiers via a Special Commissioner's Deed; (vi) the Court authorize, from the proceeds of the sale, the payment, at closing, of the real estate agent's commission and the Special Commissioner's fees, the payment of pro rata property taxes and Grantor's recording taxes and fees; (vii) the Court also authorize, from the proceeds of the sale, the payment, at closing, of the balance of the mortgage loan held by Planet (Exhibit B), and then the payment of the balance of the mortgage loan held by the Secretary of HUD (Exhibit C) to the extent funds from the sale of the Property are available, and then the payment of the Gardiers with the remaining funds to the extent funds from the sale of the Property are available; and (viii) the Court grant the Plaintiffs such further relief as the Court deems necessary and/or appropriate.

        Respectfully submitted,

        **PLANET HOME LENDING, LLC**
         *and*
        **TRUSTEE SERVICES OF VIRGINIA, LLC**
         *by Counsel*

March 3, 2024        /s/ Robert Oliveri_____
        Robert Oliveri, Esquire (VSB #47247)
        BROCK & SCOTT, PLLC
        484 Viking Drive, Suite 170
        Virginia Beach, Virginia 23452-7321
        757-255-5286 (direct)
        703-840-4279 (facsimile)
        robert.oliveri@brockandscott.com
        *Counsel for the Plaintiffs*